UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI R. GREEN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA, ET AL.,<br><br>　　　　　　Defendants. | CASE NO. CV 13-00020 RZ<br><br>ORDER TO SHOW CAUSE WHY<br>ACTION SHOULD NOT BE DISMISSED<br>FOR LACK OF SUBJECT MATTER<br>JURISDICTION |

　　　　　"Federal courts are courts of limited jurisdiction. As such, 'our power to adjudicate claims is limited to that granted by Congress.'" *Nieto v. Ecker,* 845 F.2d 868, 871 (9th Cir.1988). Unless a grant of jurisdiction over a particular case affirmatively appears, we are presumed to lack jurisdiction." *National Treasury Employees Union v. Federal Labor Relations Authority*, 112 F.3d 402, 403 (9th Cir. 1997), citing *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S. Ct. 1449, 71 L. Ed. 2d 662 (1982).

　　　　　The Complaint here grounds federal subject matter jurisdiction on diversity of citizenship. However, the allegations of the Complaint are not sufficient to show affirmatively that jurisdiction exists. The plaintiff is said to be "residing in Los Angeles County, California," and the two individual defendants, Ms. Urda and Mr. Cheung, are said to reside in the State of Pennsylvania. Residence is not the same as citizenship, however,

and allegations of residence do not confer jurisdiction. *Jeffcott v. Donovan*, 135 F.2d 913 (9th Cir. 1943); *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204 (9th Cir. 1957). The Complaint also names a corporate defendant, Prudential Insurance Company of America. Corporations have dual citizenship, both in the state in which they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1). The Complaint here says that Prudential is incorporated in New Jersey, but it contains no allegations as to where Prudential has its principal place of business. Thus, it does not affirmatively appear from the Complaint that there is diversity between Plaintiff and Prudential either.

Accordingly, Plaintiff is ordered to show cause why her Complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall show such cause in writing not later than January 23, 2013. If, prior to that time, Plaintiff files an amended complaint curing the jurisdictional defects, the Court will vacate the Order to Show Cause.

IT IS SO ORDERED.

DATED: January 9, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE